**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| RONALD FRIEDMAN, as trustee for The SportCo Creditors' Liquidation Trust, | ) ) ) ) ) | |
| | ) | Adversary No. 19-80071-dd |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| WELLSPRING CAPITAL MANAGEMENT LLC, WELLSPRING CAPITAL PARTNERS IV, L.P., WCM GENPAR IV, L.P., WCM GENPAR IV GP, LLC, ALEXANDER E. CARLES, BRADLEY JOHNSON, F. HEWITT GRANT, CHARLES E. WALKER, JR., TODD BOEHLY, BERNARD ZIOMEK, and ANDREW KUPCHIK, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT TODD BOEHLY'S ANSWER**
**AND DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Todd Boehly ("Boehly") files his Answer and Defenses to the First Amended

Complaint (the "Complaint") filed by Ronald Friedman, as trustee for The SportCo Creditors'

Liquidation Trust ("Plaintiff"). Except as expressly provided below, Mr. Boehly does not admit

any of the allegations of the Complaint. With respect to the numbered paragraphs of the

Complaint, Mr. Boehly states as follows:

1.      In response to Paragraph 1, Defendant Boehly admits, on information and belief,

only the assertion that the Debtors filed for bankruptcy. As to the remainder of Paragraph 1,

1

Defendant Boehly is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

2. In response to Paragraph 2, Defendant Boehly denies the allegations as to him and denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein as to other Defendants.

3. In response to Paragraph 3, Defendant Boehly denies the allegations as to him and denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein as to other Defendants.

4. In response to Paragraph 4, Defendant Boehly admits solely that the Plaintiff is purporting to assert causes of action under 11 U.S.C. §§ 544 and 550. Defendant Boehly denies that Plaintiff is entitled to any relief against him. The remainder of Paragraph 4 constitutes a legal conclusion to which no response is required.

5. Defendant Boehly does not respond to Paragraph 5 because it constitutes a legal conclusion to which no response is required and, in any event, is not directed as against him.

6. In response to Paragraph 6, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7. In response to Paragraph 7, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

8. In response to Paragraph 8, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

9. In response to Paragraph 9, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

10.     In response to Paragraph 10, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

11.     In response to Paragraph 11, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

12.     In response to Paragraph 12, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

13.     In response to Paragraph 13, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

14.     In response to Paragraph 14, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

15.     In response to Paragraph 15, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

16.     In response to Paragraph 16, Defendant Boehly admits that he was an equity holder of SportCo Holdings, Inc. ("SportCo") and that he is a resident of the State of Connecticut.  Mr. Boehly denies the allegation that he received any fraudulent transfers and any other allegations contained in Paragraph 16

17.     In response to Paragraph 17, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

18.     In response to Paragraph 18, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

19.     In response to Paragraph 19, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

20.    In response to Paragraph 20, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

21.    In response to Paragraph 21, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

22.    In response to Paragraph 22, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

23.    Defendant Boehly does not respond to Paragraph 23 because it constitutes a legal conclusion to which no response is required.

24.    In response to Paragraph 24, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the location of Debtors' principal place of business and headquarters and regarding the location of the most substantial part of the alleged acts and omissions giving rise to this Adversary Proceeding.  Mr. Boehly does not respond to the other allegations in Paragraph 24 because they constitute legal conclusions to which no response is required.

25.    In response to Paragraph 25, Defendant Boehly does not consent to the Bankruptcy Court's entry of final orders and judgment in this adversary proceeding.

26.    In response to Paragraph 26, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

27.    In response to Paragraph 27, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

28.    In response to Paragraph 28, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

29. In response to Paragraph 29, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

30. In response to Paragraph 30, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

31. In response to Paragraph 31, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

32. In response to Paragraph 32, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

33. In response to Paragraph 33, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

34. Defendant Boehly does not respond to the allegations in Paragraph 34 that Wellspring Capital caused Ellett Brothers LLC ("Ellett;" together with SportCo, the "Debtors") to make the alleged "Fraudulent Transfers," recklessly and grossly negligently mismanaged Ellett, and engaged in bad-faith dereliction of their duties because they constitute legal conclusions to which no response is required and because they are not directed at Mr. Boehly. Defendant Boehly denies any allegations in Paragraph 34 directed at him, including, but not limited to, any allegation that he received any fraudulent transfers.

35. In response to Paragraph 35, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

36. In response to Paragraph 36, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein, except Mr. Boehly admits on information and belief the allegation that the Debtors, with the consent of the

5

lenders thereunder (including Prospect Capital Corporation ("Prospect")), used proceeds of a loan to make distributions at issue in this Adversary Proceeding.

37.     Defendant Boehly does not respond to the allegation in Paragraph 37 that the Debtors voluntarily made any supposed fraudulent transfers because it states a legal conclusion to which no response is required.  Mr. Boehly admits that, on or about October 1, 2012, he received a distribution.  Defendant Boehly denies that the Debtors received no consideration for that distribution or that the distribution was a fraudulent transfer.  Mr. Boehly denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37.

38.     In response to Paragraph 38, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

39.     In response to Paragraph 39, Defendant Boehly admits to receiving a distribution after the closing of the 2013 Loan.  Defendant Boehly denies any allegation that the distribution was a fraudulent transfer and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 39, except Mr. Boehly admits on information and belief the allegation that the Debtors, with the consent of the lenders thereunder (including Prospect), used proceeds of a loan to make distributions at issue in this Adversary Proceeding.

40.     Defendant Boehly does not respond to the allegation in Paragraph 40 that the Debtors voluntarily made any supposed fraudulent transfers because it states a legal conclusion to which no response is required.  Mr. Boehly admits that, on or about March 7, 2013, he received a distribution.  Defendant Boehly denies that the Debtors received no consideration for that distribution or that the distribution was a fraudulent transfer.  Defendant Boehly denies

6

having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40.

41. In response to Paragraph 41, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein with the exception of the figures representing amounts distributed to him alone, which he admits to having received, but he denies that such distributions were fraudulent transfers.

42. In response to Paragraph 42, Defendant Boehly denies the allegations therein.

43. In response to Paragraph 43, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

44. In response to Paragraph 44, Defendant Boehly denies the allegations therein as to Defendant Boehly and denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Wellspring Capital or any other Defendant.

45. In response to Paragraph 45, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

46. In response to Paragraph 46, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

47. In response to Paragraph 47, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

48. In response to Paragraph 48, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

49. In response to Paragraph 49, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

50. In response to Paragraph 50, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

51. In response to Paragraph 51, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

52. In response to Paragraph 52, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

53. In response to Paragraph 53, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

54. In response to Paragraph 54, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

55. In response to Paragraph 55, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

56. In response to Paragraph 56, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

57. In response to Paragraph 57, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

58. In response to Paragraph 58, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

59. In response to Paragraph 59, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

60. In response to Paragraph 60, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

61.      In response to Paragraph 61, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

62.      In response to Paragraph 62, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

63.      In response to Paragraph 63, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

64.      In response to Paragraph 64, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

65.      In response to Paragraph 65, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

66.      In response to Paragraph 66, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

67.      In response to Paragraph 67, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

68.      In response to Paragraph 68, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

69.      In response to Paragraph 69, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

70.      In response to Paragraph 70, Defendant Boehly does not consent to a jury trial conducted in the bankruptcy court and disputes that, to the extent the law of South Carolina or that of any other state that treats fraudulent transfer claims as sounding in equity applies, Plaintiff is entitled to trial by jury in any court.

71.     In response to Paragraph 71, Defendant Boehly repeats each of the responses set forth above as if fully set forth herein.

72.     Defendant Boehly does not respond to the allegation in Paragraph 72 that any claims are allowable under 11 U.S.C. § 502 because it constitutes a legal conclusion to which no response is required.  Defendant Boehly denies that any creditors have claims against him and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72.

73.     In response to Paragraph 73, Defendant Boehly admits that on or about October 1, 2012, he received a distribution.  Mr. Boehly denies that Ellett received no consideration for that distribution or that the distribution was an avoidable fraudulent transfer.  Defendant Boehly otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.     In response to Paragraph 75, Defendant Boehly admits that on or about March 7, 2013, he received a distribution.  Defendant Boehly denies that Ellett received no consideration for that distribution or that the distribution was an avoidable fraudulent transfer.  Defendant Boehly otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     In response to Paragraph 76, Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Defendant Boehly does not respond to the allegation in Paragraph 77 that "[u]nder the South Carolina Statute of Elizabeth, made applicable here by 11 U.S.C. § 544, a transfer

without consideration will be set aside if the transferor failed to retain sufficient property to pay a debt to its creditor in full at the time this debt is due or must be paid in full" because it constitutes a legal conclusion to which no response is required.  Defendant Boehly denies that South Carolina law applies in this Adversary Proceeding.  Defendant Boehly denies having knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 77.

78.     In response to Paragraph 78, Defendant Boehly denies that South Carolina law applies and that the Plaintiff may avoid any transfer to Mr. Boehly or is otherwise entitled to any relief as against Defendant Boehly.  Mr. Boehly does not respond to the remainder of the allegations in Paragraph 78 because they constitute legal conclusions to which no response is required.

79.     Defendant Boehly does not respond to the allegations in numbered paragraph 79 because they constitute legal conclusions to which no response is required and because they are not directed at Defendant Boehly.

80.     Defendant Boehly does not respond to the allegation in Paragraph 80 because it constitutes a legal conclusion to which no response is required.

81.     In response to Paragraph 81, Defendant Boehly repeats each of the responses set forth above as if fully set forth herein.

82.     Defendant Boehly does not respond to the allegation in Paragraph 82 that any claims are allowable under 11 U.S.C. § 502 because it constitutes a legal conclusion to which no response is required.  Defendant Boehly denies that any creditors have claims against him and denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 82.

11

83.     In response to Paragraph 83, Defendant Boehly admits that on or about March 7, 2013, he received a distribution.  Mr. Boehly denies that SportCo received no consideration for that distribution or that the distribution was an avoidable fraudulent transfer.  Defendant Boehly otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     In response to Paragraph 85, Defendant Boehly admits that on or about March 7, 2013, he received a distribution.  Defendant Boehly denies that SportCo received no consideration for that distribution or that the distribution was an avoidable fraudulent transfer.  Defendant Boehly otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86.     Defendant Boehly denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Defendant Boehly does not respond to the allegation in Paragraph 87 that "[u]nder the South Carolina Statute of Elizabeth, made applicable here by 11 U.S.C. § 544, a transfer without consideration will be set aside if the transferor failed to retain sufficient property to pay a debt to its creditor in full at the time this debt is due or must be paid in full" because it constitutes a legal conclusion to which no response is required.  Mr. Boehly denies that South Carolina law applies in this Adversary Proceeding.  Defendant Boehly denies having knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 87.

88.     In response to Paragraph 88, Defendant Boehly denies that South Carolina law applies and that the Plaintiff may avoid any transfer to Mr. Boehly or is otherwise entitled to any

relief as against Defendant Boehly.  Mr. Boehly does not respond to the remainder of the allegations in Paragraph 88 because they constitute legal conclusions to which no response is required.

89.     Defendant Boehly does not respond to the allegations in numbered paragraph 89 because they constitute legal conclusions to which no response is required and because they are not directed at Defendant Boehly.

90.     Defendant Boehly does not respond to the allegation in Paragraph 90 because it constitutes a legal conclusion to which no response is required.

91.     Defendant Boehly is not required to respond to Paragraph 91 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

92.      Defendant Boehly is not required to respond to Paragraph 92 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

93.     Defendant Boehly is not required to respond to Paragraph 92 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

94.     Defendant Boehly is not required to respond to Paragraph 94 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

95.     Defendant Boehly is not required to respond to Paragraph 95 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

96.     Defendant Boehly is not required to respond to Paragraph 96 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

97.     Defendant Boehly is not required to respond to Paragraph 97 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

98.    Defendant Boehly is not required to respond to Paragraph 98 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

99.    Defendant Boehly is not required to respond to Paragraph 99 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

100.    Defendant Boehly is not required to respond to Paragraph 100 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

101.    Defendant Boehly is not required to respond to Paragraph 101 because the Third Cause of Action seeks no relief as against him and it has, in any event, been dismissed.

## ADDITIONAL DEFENSES

Without conceding that he bears any burden of proof or persuasion, Defendant Boehly asserts the following additional defenses:

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim against Defendant Boehly on which relief can be granted.

## SECOND ADDITIONAL DEFENSE

The Complaint fails to identify an unsecured creditor of the Debtors who or that, under applicable law, could have avoided the alleged transfers to Defendant Boehly and, therefore, the Plaintiff cannot do so under 11 U.S.C. § 544(b).

## THIRD ADDITIONAL DEFENSE

The only allegedly unsecured creditor of the Debtors that the Complaint identifies, Prospect, is alleged to have made its loans for the purpose of funding the supposed transfers at issue. Prospect participated in, ratified, consented to and/or acquiesced in those transfers, waived any right to seek to avoid or otherwise challenge them, and is otherwise precluded and

14

estopped from avoiding them.  Because Prospect could not avoid those transfers, the Plaintiff cannot do so under 11 U.S.C. § 544(b).

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, and/or unclean hands, as the Plaintiff's predecessor in interest, Prospect, acting with knowledge of the transfers in question, voluntarily approved, allowed and funded those transfers and unreasonably delayed any objection to them.  Because Prospect could not avoid those transfers, the Plaintiff cannot do so under 11 U.S.C. § 544(b).

### FIFTH ADDITIONAL DEFENSE

The Plaintiff is collaterally estopped from asserting that Prospect is an unsecured creditor of the Debtors and, therefore, lacks standing to bring claims for fraudulent conveyance pursuant to 11 U.S.C. § 544(b).

### SIXTH ADDITIONAL DEFENSE

The Plaintiff's claims against Defendant Boehly premised on the application of the law of South Carolina are barred because the law of New York or another state other than South Carolina applies under 11 U.S.C. § 544(b).

### SEVENTH ADDITIONAL DEFENSE

The Plaintiff's claims against Defendant Boehly are barred because the Complaint cannot and does not allege that the supposed transfers received by Defendant Boehly left any of the Debtors insolvent, unable to pay its debts as they came due, or inadequately capitalized or were made with actual intent to hinder, delay or defraud the creditors of any of the Debtors.

## EIGHTH ADDITIONAL DEFENSE

The Plaintiff's claims against Defendant Boehly are barred under the applicable statute of limitations and/or by the doctrine of laches.

## NINTH ADDITIONAL DEFENSE

The Plaintiff's claims against Defendant Boehly are barred by 11 U.S.C. § 546(e).

## TENTH ADDITIONAL DEFENSE

Defendant Boehly received any distributions in good faith, for value, and (if they are avoidable at all, which Mr. Boehly denies) without any knowledge of their voidability.

## ELEVENTH ADDITIONAL DEFENSE

Even if any of the alleged transfers to Defendant Boehly are avoidable, which Mr. Boehly denies, Plaintiff is not entitled under applicable law to punitive damages, attorneys fees or costs, interest, and/or any other relief beyond the return of the allegedly avoidable transfers.

## TWELFTH ADDITIONAL DEFENSE

Defendant Boehly reserves the right to rely upon any additional defenses raised by other defendants to the extent applicable to this Defendant.

WHEREFORE, having fully responded to the Complaint herein, Defendant Boehly prays that such Complaint against him be dismissed with prejudice, that the relief sought by Plaintiff be denied, that judgment be rendered in favor of Defendant Boehly, that Plaintiff be assessed with all costs in defending this action, and for such other and further relief as the Court may deem just and proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,


/s/J.W. Nelson Chandler
CHANDLER & DUDGEON LLC
J.W. Nelson Chandler, Fed. ID No. 7593
Email:  nelson@chandlerdudgeon.com
P.O. Box 547
Charleston, SC 29402
Telephone:  843-577-5410
Facsimile:  843-577-5650

Philip D. Anker (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
250 Greenwich Street
7 World Trade Center
New York, New York 10007
Telephone:  212-230-8800

*Attorneys for Defendant Todd Boehly*


February 2, 2021

17